UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KALMAN ROSENFELD                                                                                    PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 2:22-MC-120-TBM-RPM

AC2T, INC.                                                                                              DEFENDANT

## ORDER REQUIRING BRIEFS ON TRANSFER PURSUANT TO RULE 45

This cause is before the Court *sua sponte* for the purpose of requiring briefing on the issue of transferring the action pursuant to Federal Rule Civil Procedure 45. The Court requires Defendant AC2T, Inc. ("AC2T"), and interested parties Dr. Yee or the University of Southern Mississippi to file responses explaining their views on whether the pending motions should be transferred to the subpoena's issuing court in connection with the underlying action. On September 2, 2022, AC2T filed a motion to compel a subpoena issued from the United States District Court for the Eastern District of New York. Doc. [1]. Non-party, the University of Southern Mississippi, filed a motion to quash or modify AC2T's subpoena to Dr. Yee on September 28, 2022. Doc. [15].

"Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *1 (N.D. Tex. July 21, 2016). A timely motion to quash or modify that subpoena, must be made in the district where the subpoenaed individual is located. Fed. R. Civ. P. 45(d)(3)(A). In 2013, Subsection (f) of Rule 45 was added to "explicitly permit the transfer of subpoena-related motions from the court where compliance is required to the issuing court." *E4 Strategic Solutions, Inc. v. Pebble Limited Partnership*, 2015 WL 12746706, at *2 (C.D. Cal. Oct. 23, 2015); *United States v. 3M Co.*, 2020 WL 6587052, at *1 (S.D. Miss. Nov. 10, 2020). Rule 45(f) provides,

"[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* 45(f).

"Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Armentrout*, 2016 WL 3926507, at *2. To determine whether exceptional circumstances exist, courts consider several factors, "including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying litigation." *Id.* at *4 (internal quotation marks omitted) (quoting *Duck v. S.E.C.*, 2016 WL 1573444, at *2 (D.D.C. Apr. 19, 2016)). The Advisory Committee Notes provide guidance as to when it is appropriate for a court to transfer a subpoena-related motion:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when . . . the same issues are likely to arise in discovery in many districts . . . [but] only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note.

When "the person subject to the subpoena consents to transfer, a party seeking transfer need not show—and the Court need not find—extraordinary circumstances under Rule 45(f)." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017). While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in "highly complex" cases where the issuing court is aware of "the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C.2014). Further, where the underlying action is a multidistrict litigation,

transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes. *C.f. Woods*, 303 F.R.D. at 409 (holding that, "absent multi-district concerns," the risk of inconsistent rulings is not an exceptional circumstance).

The Court requests the litigants provide their views on the potential transfer of the pending motions to the Eastern District of New York. The Court seeks specifics on (i) the issue of consent, (ii) complexity of the dispute and discovery, (iii) existence of multidistrict litigation, and (iv) interest in local resolution.

IT IS THEREFORE ORDERED AND ADJUDGED that on or before **November 16, 2022**, Defendant AC2T, and interested parties Dr. Yee or the University of Southern Mississippi submit briefs addressing the issue of transferring the action pursuant to Federal Rule Civil Procedure 45.

SO ORDERED AND ADJUDGED, this the 2nd day of November 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES