UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KALMAN ROSENFELD                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO.2:22-MC-120-TBM-RPM

AC2T, INC.                                                          DEFENDANT

## ORDER TRANSFERRING SUBPOENA-RELATED MOTIONS

Before the Court is Defendant AC2T, Inc.'s ("AC2T") motion to compel Dr. Donald Yee to comply with the *subpoena duces tecum* served on him by AC2T. Doc. [1]. Dr. Yee is a biology professor at the University of Southern Mississippi ("the University"). Also, before the Court is the University's motion to quash or modify the subpoena. Doc. [15]. These motions are in connection with the underlying action pending in the United States District Court for the Eastern District of New York, *Kalman Rosenfeld v. AC2T, Inc., et al.*, Case No. 1:20-cv-4662-HG-PK. On November 2, 2022, the Court requested each movant provide briefing on whether the present dispute should be transferred to the subpoena's issuing court, the Eastern District of New York. The University, a non-party, stated its opposition to a transfer. Doc. [25]. AC2T stated its preference for a transfer. Doc. [26].

I.   APPLICABLE LAW

"Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *1 (N.D. Tex. July 21, 2016). A timely motion to quash or modify that subpoena must be made in the district where the subpoenaed individual is located. Fed. R. Civ. P. 45(d)(3)(A). In 2013, Subsection (f) of Rule 45 was added to "explicitly permit the transfer of subpoena-related

motions from the court where compliance is required to the issuing court." *E4 Strategic Solutions, Inc. v. Pebble Limited Partnership*, 2015 WL 12746706, at *2 (C.D. Cal. Oct. 23, 2015); *United States v. 3M Co.*, 2020 WL 6587052, at *1 (S.D. Miss. Nov. 10, 2020). Rule 45(f) states "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Rule 45(f) does not require that a motion to transfer be filed, and the Court *may sua sponte* order transfer where appropriate." *Armentrout*, 2016 WL 3926507, at *2. Dr. Yee does not consent to a transfer. The Court therefore may only transfer the motions to the issuing court if exceptional circumstances exist.

Courts apply a balancing test when determining whether "exceptional circumstances" exist to warrant a transfer to the issuing court. *See In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d 372, 375 (D.D.C. 2017) (noting that the phrase "exceptional circumstances" is not defined, and Advisory Counsel Notes suggest a "careful balancing"). *Cf. Woods*, 303 F.R.D. at 407. So, this Court must balance the "prime concern" of "avoid[ing] burdens on local nonparties subject to subpoenas" with the "interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014).

Courts consider several factors including: (i) when the underlying litigation is "highly complex;" (ii) when transferring the matter "avoid[s] inconsistent outcomes;" (iii) considerations of judicial economy; and (iv) avoiding disruption of the underlying litigation. *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C.2014); *A+ Fin. Ctr., LLC*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013); *In re UBS Financial Services, Inc. of Puerto Rico Securities Litig.*, 113 F.Supp.3d 286, 288 (D.D.C. 2015); *In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d

at 375–76; *3M Co.*, 2020 WL 6587052, at *2. While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in "highly complex" cases where the issuing court is aware of "the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz*, 304 F.R.D. at 46; *In re Niaspan Antitrust Litig.*, 2015 WL 3407543, at *1 (D. Md. May 26, 2015).

On the other hand, courts have identified relevant local considerations in balancing (i) whether the subpoenaed non-party is a local resident, *Cellular Communications Equipment, LLC v. HTC Corporation*, 2015 WL 12570944, at *1 (S.D. Cal. Dec. 16, 2015) (finding location of non-party headquarters relevant); (ii) whether the local resident is an individual or entity, *XY, LLC*, 307 F.R.D. at 12–13; and (iii) whether the local non-party would suffer an "undue burden or cost" by litigating in another district, *Judicial Watch, Inc*., 307 F.R.D. at 34–35.

II.   DISCUSSION

a.   Complexity

The University argues that the underlying litigation does not rise to the level of "highly complex." Doc. [25], at 3. The University appears to imply that the matter is not complex because the dispute relates to a single product. *Id*. In contrast, AC2T argues the case presents many complexities involving technical and scientific matters. Doc. [26].  The Court does not find it persuasive that because only one product is the subject of the underlying litigation, then the matter is not one of significant complexity. The Court believes the underlying litigation is one of a highly complex nature. The litigation is a class action involving claims with technical and scientific aspects. Doc. [11-1]. The factual support for the complaint's allegations concern peer-reviewed scientific studies and other various scientific research. *Id*. The action presents complicated questions of scientific efficacy.

Further, the underlying litigation is a class action. The class action is on behalf of all purchasers of the disputed product in the United States. The expansive litigation presents claims implicating federal and state laws ranging from false advertising to issues of written warranties. The Court finds the underlying dispute to have a highly complex and intricate nature.

b.   Avoiding Inconsistent Outcomes

AC2T advises that other discovery disputes concerning Dr. Yee are being litigated before the issuing court. It represents that the parties in the underlying action have agreed to litigate a pending dispute concerning whether Dr. Yee's work constitutes protected work product after Dr. Yee's deposition. Doc. [26], at 6. Although the term "exceptional circumstances" is not defined in the Rules, the Advisory Committee's comments to the amendment explain that "transfer to the court where the action is pending is sometimes warranted" where the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f); *Chinitz v. Intero Real Est. Servs.*, 2020 WL 806177, at *1 (W.D. Tex. Feb. 14, 2020).

A transfer advances the interests of justice when the issuing court is already making discovery rulings. "Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties." *Chinitz*, 2020 WL 806177, at *2 (quoting *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017). The Court believes that transferring the matter avoids disruption of the underlying litigation and prevents inconsistent outcomes. *3M Co.*, 2020 WL 6587052, at *2 (S.D. Miss. Nov. 10, 2020). The issuing court is prepared to resolve discovery questions; and a transfer would ensure such disputes are resolved consistently.

4

The issuing court is in the best position to make rulings on the scope of discovery. It is also best suited to evaluate the relevance of the requested documents and any undue burden the production might cause. Dr. Yee's scientific study is mentioned in the *Rosenfeld* complaint. Doc. [11-1], at 18. AC2T contends that the disputed production concerns Dr. Yee's studies and is vital to its defense. Doc. [26], at 3. As AC2T notes, the issuing court has been presiding over the matter for two years and become familiar with the well-developed record. Considerations of judicial economy weigh in favor transferring the dispute. *Wultz*, 304 F.R.D. at 46–47 (transferring subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented"); *Jud. Watch, Inc.*, 307 F.R.D. at 34 (D.D.C. 2014). As the Advisory Committee Note explains, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Jud. Watch, Inc.,* 307 F.R.D. at 34 (quoting Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments)).

c.   Local Adjudication

The Court recognizes that Dr. Yee is a local individual, which gives some weight to local adjudication. Doc. [1], at 1. Nonetheless, Dr. Yee is being represented by the University, presumably at no expense of his own, minimizing any potential undue costs to him by litigating these issues in front of the issuing court. *Judicial Watch, Inc.*, 307 F.R.D. at 34–35. Similarly, the subpoena, if upheld, would only require that Dr. Yee be deposed nearby in Hattiesburg, MS. Doc. [11-1], at 2. This is a mitigating factor. *Judicial Watch, Inc.*, 307 F.R.D. at 34–35. Dr. Yee contends

that any requirement to appear in New York disrupts Dr. Yee's teaching and faculty obligations. However, the Court is unaware of any requirements for Dr. Yee to appear in New York. Fed. R. Civ. P. 45(c)(1)(A); Fed. R. Civ. P. 45(c)(2)(A). On the face of the subpoena, Dr. Yee would only need to appear for a deposition locally. Doc. [11-1], at 2. The requested production is electronically available documents. Thus, it does not appear that Dr. Yee, the local non-party, would suffer an "undue burden or cost" by litigating this discovery dispute in another district. *Id*. at 34–35.

III. CONCLUSION

The Court concludes that the interests in judicial economy outweigh the interests of the non-party served with the subpoena in this complex dispute. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. The Court has balanced the "prime concern" of "avoid[ing] burdens on local nonparties subject to subpoenas" with the "interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc.*, 307 F.R.D. at 34. Ultimately, balancing weighs in favor of finding "exceptional circumstances" to make a transfer to the Eastern District of New York appropriate in this matter.

The Clerk is directed to transfer the motion to compel [1] and the motion to quash or modify [15] to the United States District Court for the Eastern District of New York for disposition in connection with *Kalman Rosenfeld v. AC2T, Inc., et al.*, 1:20-cv-4662-HG-PK (E.D.N.Y.). There being no other matters requiring this Court's attention, upon transfer of the motions, the Clerk is also directed to close this miscellaneous proceeding.

SO ORDERED AND ADJUDGED, this the 21st day of December 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE